*United States v. Krepp*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-four.

PRESENT:

> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                   No. 23-6109

MICHAEL A. KREPP,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:        Michael A. Krepp, *pro se*, White Deer, PA.

For Appellee:        Tiffany H. Lee, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*) denying Appellant's motion for compassionate release.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 10, 2023 order of the district court is **AFFIRMED**.

Michael A. Krepp appeals from an order of the district court denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues in dispute, to which we refer only as necessary to resolve this appeal.

In November 2018, Krepp pleaded guilty to knowingly possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). At sentencing, the district court noted that Krepp had been caught in possession of a data storage device containing hundreds of images of child pornography, some of which involved "prepubescent minors" and "depicted sadistic and masochistic

2

conduct." Gov't App'x at 33–34. In considering the sentencing factors under 18 U.S.C. § 3553(a), the district court emphasized the seriousness of the instant offense and highlighted Krepp's past convictions for rape of a minor, which the district court characterized as "horrific." *Id.* at 35–36. Motivated in large part by the clear "danger" that Krepp posed to children, the district court sentenced him to 135 months' imprisonment, to be followed by fifteen years of supervised release. *Id.* at 39.

In 2022, after Krepp had served about a third of that sentence, he filed his second motion for compassionate release under section 3582(c)(1)(A), asserting that his deteriorating health due to the lingering effects of COVID-19 and heart surgery was an extraordinary and compelling circumstance that justified relief from the remainder of his term of incarceration. The district court denied that motion, concluding that Krepp had not established extraordinary and compelling reasons and that the section 3553(a) factors continued to foreclose any reduction in his sentence. This appeal followed.

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of

the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (emphasis and internal quotation marks omitted).

Section 3582(c)(1)(A) authorizes a district court to grant a sentence reduction when a defendant makes a showing of "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).   Among other things, however, the district court must also "consider[] the factors set forth in section 3553(a)."   *Id.* § 3582(c)(1)(A). Because extraordinary and compelling circumstances *and* a favorable assessment of the section 3553(a) factors are required, a district court may deny relief on either ground, without reaching the other.   *See United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022).

In its order, the district court first noted that Krepp's claimed medical conditions (including long COVID and heart disease) were not extraordinary or compelling because they were adequately managed.   Turning to the section 3553(a) factors, the district court emphatically rejected Krepp's argument that a reduced sentence was appropriate.   Focusing first on Krepp's offense and criminal history, *see* 18 U.S.C. § 3553(a)(1), the district court explained that Krepp

4

had not only been convicted of possessing child pornography but was also "a sexual predator who ha[d] engaged in sex with children on numerous occasions," Gov't App'x at 88. The district court then stressed the seriousness of Krepp's conduct – again calling it "horrific" – before concluding that Krepp's continued incarceration was necessary given the "danger" he posed to children. *Id.* (citing 18 U.S.C. § 3553(a)(2)).

We see no abuse of discretion in that analysis. To the contrary, the district court's order cleanly and convincingly explained why Krepp's sentence was justified – and why compassionate release was foreclosed – by several of the section 3553(a) factors. *See, e.g.,* 18 U.S.C. § 3553(a)(1) (nature of the offense and history of the defendant); *id.* § 3553(a)(2)(A) (need for the sentence to reflect the seriousness of the offense); *id.* § 3553(a)(2)(C) (need to protect the public from further crimes of the defendant). In fact, Krepp's brief does not even challenge the district court's section 3553(a) assessment, focusing exclusively on the other prong of the section 3582(c)(1)(A) analysis and whether the court erred in concluding that he failed to present extraordinary and compelling reasons for a sentence reduction. But as already explained, it ultimately does not matter whether Krepp's circumstances were extraordinary or compelling, since the

section 3553(a) factors alone justified denial of his motion for compassionate release. *See Halvon*, 26 F.4th at 571. We therefore need not even reach the issue of extraordinary and compelling circumstances and instead affirm based on the district court's more than "reasonable evaluation of the [s]ection 3553(a) factors." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (internal quotation marks omitted).

We have considered Krepp's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court